IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., | ) CASE NO. 1:15 CV 2461 ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT ) ) |
| vs. | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| POHL INC. OF AMERICA, | ) ) |
| Defendant. | ) |

This matter is before the Court on the Motion of Defendant, Pohl Inc. of America ("Pohl") to Dismiss or Transfer Venue. (ECF #8). For the reasons set forth below, Defendant's Motion is denied.

## BACKGROUND

Plaintiff, University Hospitals Health System, Inc. ("UH"), filed this action in the Court of Common Pleas for Cuyahoga County, Ohio against Defendant Pohl alleging claims of breach of express warranties under the UCC R.C. 1302.26, breach of implied warranty of merchantability under the UCC R.C. 1302.27, breach of implied warranty of fitness for a particular purpose under the UCC R.C. 1302.28 and negligent misrepresentation. All of these claims arise from the alleged failure of terra cotta panels supplied by Pohl and used in the construction of the Ahuja Medical Center located in Beachwood, Ohio. Defendant removed the lawsuit to this Court on December 1, 2015.

UH contracted with HKS Architects, Inc. ("HKS") to prepare the plans and specifications ("Contract Documents") to design and oversee construction of its new

hospital and medical office building known as the Ahuja Medical Center in January 2007. The Contract Documents for the Project specified the supply and installation of Pohl Faveton Bersal Terra Cotta Rainscreen Panel System for the exterior cladding at the three story hospital, seven story patient tower and three story medical office building at the Project. (ECF #5, ¶¶ 6-7)

On August 22, 2007, UH entered into a contract with Gilbane Building Company ("Gilbane") to serve as the construction manager and contractor for the Project. (Id. at ¶8) Gilbane entered into a written subcontract agreement with Cleveland Marble Mosaic Company ("Cleveland Marble") to purchase and install the HKS specified Terra Cotta Panels for the exterior cladding at the Project. (Id. at ¶9). On October 29, 2008, Pohl submitted a revised proposal to Cleveland Marble to manufacture and deliver the HKS specified Faveton Bersal Terra Cotta Rainscreen Panel System. (Id. at ¶ 10) A copy Pohl's Proposal is attached as Ex. 1 to the First Amended Complaint. Pohl's Proposal incorporates by reference the Section 07430 Terra Cotta Rainscreen System specifications prepared by HKS. (Id. at ¶11) A copy of the Specification is attached as Ex. 2 to the First Amended Complaint.

On October 21, 2008, Pohl provided comments to Specification Section 07430 using the following key: C = comply; D = deviate; E = excluded; N/A = not applicable. (ECF #5, Ex. 2 at p.1) In those comments, Pohl agreed to provide the Special Warranty for the Terra Cotta Panels specified by HKS: "Warrant the material of this Section for a period of 10 years from the date of Substantial Completion against defects in it." The only modification made by Pohl was that the date the Special Warranty commenced to run

would "be agreed at time of contract." (ECF #5 ¶16, Ex. 2, p.4) Cleveland Marble accepted Pohl's Proposal on November 7, 2008 and agreed that the 10 year Special Warranty for the Terra Cotta Panels will commence to run after the agreed date for delivery of the Terra Cotta Panels to the Project. (Id. ¶¶ 19-20)

Pohl's Proposal also incorporates by reference Pohl's standard Terms and Conditions which were attached as Ex. 3 to the First Amended Complaint. (Id.at ¶18) One of Pohl's standard terms and conditions is the provision that "This agreement shall be construed in accordance with the laws of the State of Utah. Any dispute arising out of this agreement may be resolved before the Circuit Court of the State of Utah in the County of Salt Lake, and the parties expressly consent to the jurisdiction and venue of that court....Any suit or action arising from the breach of this agreement or any warranties contained herein shall be commenced within one year and a day of that delivery is tendered by Pohl.." (ECF #5, Ex.3 ¶7)

Cleveland Marble's bills of lading establish that the Terra Cotta Panels were delivered to the Project in twelve separate containers from July 17, 2009 to August 19, 2009. (Id. ¶22). During original construction and following substantial completion of the Project, some of the Terra Cotta Panels showed signs of spauling and cracking. Gilbane and Cleveland Marble replaced damaged Terra Cotta Panels in the Fall of 2011, however the Terra Cotta Panels continued to spaul, crack and eventually fall from the exterior facade. (Id. ¶¶ 24-25)

On October 26, 2015, UH entered into an Assignment Agreement and Assumption of Contract and Contract Rights with Gilbane and Cleveland Marble related to the Terra

Cotta Panels sold to Cleveland Marble by Pohl for the Project. (Id. ¶29) A copy of the Assignment Agreement is attached as Ex. 4 to the First Amended Complaint. On October 27, 2015, UH notified Pohl of its rejection of the Terra Cotta Panels Pohl sold to Cleveland Marble for installation at the Project. (Id. ¶30) Pursuant to the Assignment Agreement, Gilbane and Cleveland Marble have assigned to UH all of their respective rights, obligations and causes of action under Ohio common law and the Uniform Commercial Code codified at R.C. §§ 1301.102 to 1301.310 and Chapter 1302 et seq. Of the Ohio Revised Code. (Id.¶31)

## DISCUSSION

Pohl moves to dismiss (or transfer) this action based upon its standard Terms and Conditions, which were incorporated into the Contract at issue here, and requires that litigation involving the Contract occur in the Circuit Court of Utah and be commenced within one year and one day of delivery by Pohl. UH counters that the out-of-state forum selection and choice of law provision in the Contract at issue is void and unenforceable under Ohio Revised Code § 4113.62(D)(1) and (2).

Section 4113.62 is entitled "Provisions of construction contact or subcontract that are void as against public policy." Section 4113.62 (D)(1) and (2) provide in relevant part:

> (D)(1) Any provision of a construction contract, agreement, understanding, or specification or other document or documentation that is made a part of a construction contract, subcontract, agreement, or understanding for an improvement, or portion thereof, to real estate in this state that makes the construction contract or subcontract,, agreement, or other understanding subject to the laws of another state is void and unenforceable as against public policy.
> (2) Any provision of a construction contract, agreement, understanding, or specification or other document or documentation that is

4

>made a part of a construction contract, subcontract, agreement, or understanding for an improvement, or portion thereof, to real estate in this state that requires any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding to occur in another state is void and unenforceable as against public policy. Any litigation, ... provided for in the construction contract, subcontract, agreement, or understanding shall take place in the county or counties in which the improvement to real estate is located or at another location within this state mutually agreed upon by the parties.

Pohl argues that § 4113.62 does not apply because the Contract at issue here is not a "Construction contract" within the meaning of § 4113.62(G)(5) which defines "Construction contract" as a "contract or agreement for the design, planning, construction, alteration, repair, maintenance, moving, demolition, or excavation of a building, . . . situated on real estate located in this state." Rather, Pohl argues that its contract was a material proposal not a construction contract. The Court disagrees. Based upon the contract documents attached to the First Amended Complaint, it is clear that the contract at issue was made a part of a construction contract within the meaning of § 4113.62. Moreover, there is no dispute that the construction contract was for improvement to real estate located in Ohio. As such, § 4113.62 is applicable and the choice of law and forum selection provisions relied upon by Pohl are void.

UH also argues that the Amended Complaint is not time-barred by the one year and one day statute of limitations in Pohl's Terms and Conditions. Rather, UH argues that Pohl's 10 year warranty for the future performance of the Terra Cotta Rainscreen System it designed and fabricated triggers the statute of limitations set forth in Rev. Code § 1302.98(B) and its discovery rule. Thus, Plaintiff's cause of action for breach of warranty did not accrue until UH discovered the defects in the Terra Cotta Rainscreen System which

presents issues of material fact preventing resolution by a 12(b)(6) motion to dismiss. The Court agrees that the statute of limitations issue presented here raises questions of fact that cannot be resolved through Pohl's Motion to Dismiss.

## CONCLUSION

For the reason set forth above, Defendant's Motion to Dismiss or Transfer (ECF #8) is denied. IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: April 7, 2016