IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., | ) CASE NO. 1:15 CV 2461 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| vs. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| POHL INC. OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the Parties' Cross Motions for Partial Summary Judgment. (ECF #82, #85) Defendant Pohl Inc. Of America ("Pohl") moves for summary judgment on Count II (breach of implied warranty of merchantability) and Count III (breach of implied warranty of fitness for particular purpose) based upon the limitation of warranties language in its standard Terms and Conditions agreed to by Cleveland Marble.[1] (ECF #82) Plaintiff University Hospitals ("UH") moves for an order of partial summary judgment finding that the disclaimer of warranties in Pohl's Terms and Conditions is inconspicuous as a matter of law and denying Pohl's Motion for Partial Summary Judgment

---

[1] Cleveland Marble was the subcontractor who purchased and installed the Faveton Bersol Terra Cotta Rainscreen System on the Ahuja project. Cleveland Marble entered into a Purchase Agreement with Pohl to supply the Terra Cotta tiles. Plaintiff University Hospitals Health System ("UH") entered into an Assignment Agreement and Assumption of Contract and Contract Rights with Gilbane (the general contractor on the project) and Cleveland Marble related to the Terra Cotta tiles sold to Cleveland Marble by Pohl for the project. Pursuant to the Assignment Agreement, Gilbane and Cleveland Marble have assigned to UH all of their respective rights, obligations and causes of action under Ohio common law and the Uniform Commercial Code codified at R.C. §§ 1301.102 to 1301.310 and Chapter 1302 et seq. of the Ohio Revised Code.

on Counts II and III of the Amended Complaint.. (ECF #85).

## BACKGROUND

Plaintiff UH filed this action against Defendant Pohl alleging claims of breach of express warranties under the UCC R.C. 1302.26, breach of implied warranty of merchantability under the UCC R.C. 1302.27, breach of implied warranty of fitness for a particular purpose under the UCC R.C. 1302.28 and negligent misrepresentation. All of these claims arise from the alleged failure of terra cotta panels supplied by Pohl and used in the construction of the Ahuja Medical Center located in Beachwood, Ohio.

On August 22, 2007, UH entered into a contract with Gilbane Building Company ("Gilbane") to serve as the construction manager and contractor for the Project. (Id. at ¶8) Gilbane entered into a written subcontract agreement with Cleveland Marble Mosaic Company ("Cleveland Marble") to purchase and install the HKS specified Terra Cotta Panels for the exterior cladding at the Project. (Id. at ¶9). On October 29, 2008, Pohl submitted a revised proposal to Cleveland Marble to manufacture and deliver the HKS specified Faveton Bersal Terra Cotta Rainscreen Panel System. (Id. at ¶ 10) A copy Pohl's Proposal is attached as Ex. 1 to the First Amended Complaint. Pohl's Proposal incorporates by reference Pohl's standard Terms and Conditions which were attached as Ex. 3 to the First Amended Complaint. (Id.at ¶18) The last section of Pohl's standard terms and conditions is the Warranties and Limitations provision that Pohl asserts to disclaim any implied warranties:

> **Warranties and Limitations:**
>
> 1. Unless otherwise stated in the quote, Pohl warrants that the products delivered hereunder will be free of defects in workmanship under proper and normal use for a

> period of 2 years from acceptance or 2 years 6 months from the date of shipment, whichever, comes first. Should any failure to comply with this warranty appear within this period, Pohl agrees, upon prompt notification thereof,...to correct the defect by either repairing the defective produce[sic], or at Pohl's discretion by replacement. The foregoing shall constitute the purchasers' exclusive remedy and fulfillment of seller's liability with respect to its products.
>
> 2. The foregoing warranties are exclusive and remedies provided for breach thereof are likewise exclusive. All other warranties whether expressed or implied, arising through the course of dealings, usage of trade or otherwise is excluded. There are no implied warranties of merchantability of fitness of purpose. Pohl shall not be liable for any consequential damages such as loss of profit or revenue, downtime, costs, costs associated with the removal or re-installation of its products or claims on[sic] third parties against the purchaser.
>
> 3. Pohl has no liability for any and all costs . . . expenses, judgements and losses for alleged infringements of any patents or . . . other proprietary rights, which results from the compliance with purchaser's designs, specifications or instructions.

(ECF #5, Ex. 1, p.6) Pohl argues that Plaintiff's claims for implied warranty of merchantability and implied warranty for a particular purpose are specifically excluded from the contract agreed to by Cleveland Marble. The parties acknowledge that under Ohio law both the implied warranties of merchantability and of fitness for a particular purpose may be excluded or modified if the exclusion or modification meets the criteria set forth in Ohio Rev. Code 1302.29(B) which requires in part that the exclusion be "conspicuous." "Conspicuous" is defined in Ohio Rev. Code 1301.01(J). The parties disagree over whether Pohl's disclaimer of implied warranties here was "conspicuous," as defined in R.C. 1301.01(J).

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street*

4

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). Evidence may be presented by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). In lieu of presenting evidence, Fed. R. Civ. P. 56(c) also allows that a party may show that the opposing party's evidence does "not establish the presence of a genuine dispute" or that the adverse party "cannot produce admissible evidence to support the fact."

According to Fed. R. Civ. P. 56(e),

[i]f a party fails to properly support an assertion of fact, or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they

may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

The only question before the Court is whether Pohl's disclaimer of the warranties of merchantability and fitness for a particular purpose comport with R.C. 1302.29(B) and R.C. 1301.01(J). R.C. 1302.29(B) provides:

> Subject to division (C) of this section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that 'There are no warranties which extend beyond the description on the face hereof.'

R.C. 1301.01(J)[2] defines the term "conspicuous" as follows:

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is 'conspicuous'. Whether a term or clause is 'conspicuous' or not is for decision by the court.

The parties agree that under the terms of R.C. 1301.01(J), the decision regarding

---

[2]

R.C. 1301.01(J) was renumbered to R.C. 1301.201(B)(10) and amended by the 129th General Assembly, HB 9, § 1, effective 6/29/2011. R.C. 1301.201(B)(10) defines "conspicuous" for contracts entered into after June 29, 2011 as follows:
> "Conspicuousness", with reference to a term, means so written, displayed or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is conspicuous or not is for decision by the court. Conspicuous terms include the following:
> (a) A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text or the same or lesser size; **and**
> (b) Language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

As the contract at issue here was entered prior to June 29, 2011, the former version of the definition applies, although under either definition of "conspicuous" the Court has concluded that the result in this case would be the same.

whether the limitations language at issue is conspicuous is a question to be decided by the Court. The Terms and Conditions document at issue consists of two pages which were at the end of a seven page document. The Terms and Conditions document has six parts each with a heading that is set off and bolded. The limitation language is contained in paragraph two of the last section entitled "**Warranties and Limitations**."The heading is bolded and set off from the three paragraphs under it. The limitation language at issue here is contained in the second paragraph. The language of the limitation is in the same font and size as the rest of the body of the Terms and Conditions document. It is not bolded, capitalized, in a contrasting type of color or marked by symbols or other marks that would call attention to the language.

The Courts that have made "conspicuousness" determinations under R.C. 1302.29(B) and 1301.01(J) have found the limitation or exclusion "conspicuous" when there is a capitalized and bolded heading and the exclusion language itself is capitalized, bolded or otherwise set off by contrasting type, font, color, size, symbols or marks. For example, the Ohio Supreme Court determined that a warranty exclusion printed in capital letters under a capitalized and bolded heading **"WARRANTY"** while the bulk of the type of the contract is in regular type is conspicuous under R.C. 1302.29(B). *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 55 (1989). In an earlier case the Ohio Supreme Court decided that an exclusion appearing in paragraph 9 among 15 paragraphs on the back of the last page of a proposal was not conspicuous under R.C. 1301.01(J) when none of the paragraphs had a heading, extraordinary capitalization or contrasting type. *Insurance Company of North America v. Automatic Sprinkler Corp. of*

*America*, 67 Ohio St.2d 91, 95-96 (1981). See *also, The Babcock & Wilcox Co. v. Hitachi America, Ltd.*, 406 F.Supp.2d 819 (N.D. Ohio 2005) (exclusion not sufficiently conspicuous because heading appears in same fine print as the remainder of the text, there is no subheading specifically related to limiting the remedy or liability and the language of the limitation is in the same fine print); *J-Way Southern, Inc. v. River Road Construction, Inc.*, Case No. 1:17 CV 1167 (N. D. Ohio March 7, 2018) (J. Gwin)(language not conspicuous because it is not set off by any contrasting type, font, color, size, symbols, or marks and no heading identifying paragraph as a disclaimer.); *Rock Hill Mechanical, Inc. v. Liebert Corp.*, 707 F.Supp.2d 998 (E.D. Mo 2010)(applying Ohio law)(limitation is conspicuous where it follows a bolded and underlined caption **"Limitations"** and the words of the limitation were in all capital letters and were separated from other provisions); *Enterprises v. Soprema Roofing and Waterproofing, Inc., et al.*, Case No. 1:13 CV 2831 (N.D. Ohio Nov. 8, 2016)(J. Lioi)(warranty disclaimer is conspicuous in bold type and all capital letters).

Recognizing that its disclaimer language is not in all capital letters or in a different font or contrasting type, size or color, Pohl argues that its limiting language nevertheless is conspicuous under the reasoning applied by the 8th District Court of Appeals in *Avenell v. Westinghouse Elec. Corp.*, 41 Ohio App.2d 150 (1974). In *Avenell*, the 8th District determined that the limiting language was conspicuous under R.C. 1301.01(J) because it was on the first page of the contractual document, all of the type in the document was large and readable with no fine print, the limiting language was simple, direct and easily understood and there was a printed heading in capital letters which read "LIMITATION OF

LIABILITY" and the person against whom the limiting language was to operate was a prominent, sophisticated entity. *Id.* at 154-155.

In this case, the limitation language is on the last page of the Terms and Conditions under a heading that is not capitalized but is set off and bolded. The font of the Terms and Conditions is uniform throughout the document and while large enough to be readable, each of the paragraphs looks the same. As such, the document is more like the document in *AGF, Inc., v. Great Lakes Heat Treating Co.*, (8th Dist. Cuyahoga County No. 89-LW-0442 (Ohio App. Feb. 16 1989) where the Court found that a limitations provision in paragraph 11 of a 20 paragraph terms and conditions document was not conspicuous because although each paragraph was numbered and contained a heading, each paragraph of the document was identical in style of print, color of print and approximately the same in length. As such, nothing differentiated paragraph eleven from the other nineteen paragraphs and therefore paragraph 11 was inconspicuous and could not operate to exclude appellant's claim for consequential damages. The Terms and Conditions document here has six headings with twenty four separate paragraphs which are identical in the style of the print, font, color and approximate length. Nothing makes the actual language of the disclaimer here found in the second paragraph under the heading Warranties and Limitations conspicuous. Based upon a review of the statutes and relevant cases, the Court finds that the language of the disclaimer here is not conspicuous as required in R.C. 1302.29(B) and defined by R.C. 1301.01(J). Accordingly, Defendant's Motion for Partial Summary Judgment is denied and Plaintiff's Motion for Partial Summary Judgment is granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to for Partial Summary Judgment (ECF #82) is denied and Plaintiff's Motion for Partial Summary Judgment (ECF #85) is granted. IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: January 22, 2019